# Valborg Sogn, Appellant, v. City of Chicago, Appellee.

## Gen. No. 15,890.

INSTRUCTIONS—*when upon proximate cause erroneous.* Where the negligence charged and which the evidence tended to establish was the defective condition of a sidewalk by reason of holes, etc., it is error to direct a verdict for the defendant if the jury believe from the evidence ''that the proximate cause of the plaintiff's fall was slipperiness of the sidewalk, occasioned by ice and snow.''

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 4, 1911.

BRANDT & HOFFMAN, for appellant.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellee; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant against appellee to recover damages for personal injuries alleged to have been sustained by reason of a defective sidewalk. A trial by jury resulted in a verdict finding appellee not guilty, and a judgment upon such verdict and against appellant for costs.

The only error assigned and argued relates to the action of the trial court in giving an instruction at the instance of appellee, as follows:

''The jury are instructed that if you believe from the evidence that the proximate cause of the plaintiff's fall was slipperiness of the sidewalk, occasioned by ice and

snow, then you should find the defendant, City of Chicago, not guilty.''

That the sidewalk was defective and unsafe by reason of holes or openings therein caused by the absence of boards is beyond question under the evidence, and the negligence of appellee in that respect is clearly established. There is evidence tending to show that at the time appellant was injured there was snow upon the walk; that snow was then falling; and that appellant may have slipped upon the snow and thus been thrown into a hole in the walk and sustained the injuries complained of.

The instruction directed a verdict and was clearly erroneous and prejudicial to appellant. The question at issue for the jury to determine was whether the hole in the walk was the proximate cause of the injury, not whether the hole in the walk was the proximate cause of appellant's fall. There was no averment in the declaration charging appellee with negligence in respect to snow or ice upon the walk. Because the proximate cause of appellant's fall may have been the ''slipperiness of the sidewalk,'' it does not follow that the proximate cause of appellant's injury was not the hole in the walk. The fall and the injury were distinct elements in the case.

The cases cited by counsel for appellee where instructions, making it incumbent upon the plaintiff to show that the proximate cause of the injury complained of was the negligence alleged in the declaration, are not in point.

A somewhat similar instruction was involved in Forney v. Village of Melvin, 130 Ill. App. 203, and held to be erroneous and misleading for additional reasons there stated, which seem to us to be conclusive of the question.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*